SUMMARY ORDER
Plaintiff-appellant Chris Usher, a photojournalist, appeals the judgment entered in his favor by the United States District Court for the Southern District of New York (Jones, /.), awarding damages for the negligent loss of photographic images by defendants-appellees CorbisSygma, f/k/a Sygma Photo News, Inc., Sygma S.A.R.L., f/k/a/ Sygma Paris (“Corbis”), in the amount of $100,237.13 plus prejudgment interest in the amount of $56, 834.46. We assume the parties’ familiarity with the facts, procedural background, and specification of issues on appeal.
We review a district court’s factual findings following a bench trial for clear error and its conclusions of law de novo. Grace *111 v. Corbis-Sygma, 487 F.3d 113, 118 (2d Cir.2007). We also review whether a district court applies the correct legal standard de novo. Id. at 118-19.
Valuation of lost photographic images “primarily depends on their uniqueness and the plaintiffs earning potential.” Id. at 119 (quoting Gasperini v. Ctr. for Humanities, Inc., 149 F.3d 137, 141 (2d Cir.1998) (quotation marks omitted)). The facts in Grace demonstrated the difficulty computing damages when “an enormous number of images is missing, the parties are unable to agree on the number of images lost, and the incompleteness of the records available makes it impossible to identify all the images in the ‘unique’ category.” Id. In Grace, we found that a factfinder is permitted to “make a ‘just and reasonable estimate’ of the damages caused,” id. (quoting Raishevich v. Foster, 247 F.3d 337, 342 n. 2 (2d Cir.2001) (quoting Bigelow v. RKO Radio Pictures, Inc., 327 U.S. 251, 264, 66 S.Ct. 574, 90 L.Ed. 652 (1946))), and that an estimate should be based on “[rjelevant data.” Id. We proceeded to articulate a methodology for cases when it is difficult or impossible to calculate damages for lost photographic images with precision. Id. at 121-24.
Usher’s arguments challenge application of the Grace methodology under the circumstances of his case. This case, brought against the same defendants as in Grace, involves a large number of lost images, a dispute between the parties as to the number of lost images, and inadequate record-keeping that renders evaluation of uniqueness of the images impossible. Accordingly, the district court’s application of the Grace methodology was appropriate. Usher’s past earnings were calculated by reference to a sixteen-month licensing history with Corbis. While the licensing history here was less extensive than in Grace, the district court did not err in calculating past earnings based on the sixteen-month period because those findings were based on the “relevant data” available to the court. Id. at 119. Usher’s other arguments regarding the district court’s use of a past earnings approach to calculating damages are without merit. The district court adhered to the steps of the Grace method, and committed no error in its application.
Usher asserts that the district court erred by failing to incorporate the uniqueness of his images into the calculation of damages. But, under Grace, a district court is not required to specifically address uniqueness when, due to inadequate record-keeping, it is impractical or impossible to evaluate. Id. at 123 (“We leave it to the District Court to decide whether to rely on some of the assumptions laid out in the opinion, or to find another way to incorporate uniqueness.”). A district court is entitled to account for uniqueness by estimating the photographer’s licensing revenue. See id. Usher also argues that the district court erred in its application of the Bigelow principle, which provides “[w]hen damages are at some unascertainable amount below an upper limit and when the uncertainty arises from the defendant’s wrong, the upper limit will be taken as the proper amount.” Grace, 487 F.3d at 119 (quoting Raishevich, 247 F.3d at 343 (quotation marks omitted)). However, the district court was permitted to resolve the number of missing images in Usher’s favor by applying the Bigelow principle, rather than applying the Bigelow principle at a later step in the analysis. See Grace, 487 F.3d at 121 n. 1 (“The court may determine, in its discretion, when to apply the [Bigelow] principle....”).
We find Usher’s other arguments to be without merit. For the foregoing reasons, *112 the judgment of the district court is AFFIRMED.